| U.S. Magistrate Judge: Lynnette C. Kimmins | **Date:** March 14, 2025 | **AMENDED** |
|---|---|---|
| **USA v. John Turscak** | **Case Number: CR-23-02251-001-TUC-JAS (LCK)** | |

**Assistant U.S. Attorneys:** Matthew Cassell and Rui Wang
**Attorney for Defendant:** *Pro Se*
**Advisory Counsel for Defendant:** Thomas Scott Hartzell, CJA
**Attorney for Interested Party (CoreCivic):** Rachel Love
**Interpreter:** N/A
**Defendant:** ☒ Present   ☒ Custody

**STATUS CONFERENCE/ MOTION HEARING RE [57] MOTION FOR ORDER DIRECTING CORECIVIC TO ALLOW DEFENDANT ACCESS TO LEGAL SUPPLIES AND OTHER TOOLS TO PREPARE A DEFENSE:**

The Court notes that it has reviewed the following:
- Defendant's Motion Directing Core Civic to Provide Legal Supplies (Doc. 57);
- Defendant's Motion for Status Conference re Motion to Provide Legal Supplies (Doc. 69);
- Government's Responses (Docs. 58, 77);
- Central AZ Detention Center (CAFCC) - Core Civic's Amended Response to Defendant's Motion to Provide Legal Supplies (Doc. 63);
- CoreCivic's Response to Defendant's Motion for Status Conference (Doc. 78); and
- Defendant's Reply to CoreCivic's Responses (Doc. 81).

Having reviewed the above, including all attached exhibits, the Court finds oral argument on the motions is not necessary for the Court to rule.

Prior to affording the parties an opportunity to respond, the Court makes the following findings and rulings based on the motions, responses and replies:

The Court recognizes that the defendant should be given "reasonable access to 'law books, witnesses, or other tools to prepare a defense." *U.S. v. Brugnara*, 856 F.3d 1198, 1210 (9th Cir. 2017). See also, *U.S. v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995). However, the access is not unlimited but must be balanced against the legitimate security needs or resource constraints of the prison (in this case CoreCivic). *Id.* The Court made this very clear to the defendant on May 15, 2024, at his *Farretta* hearing. (Doc. 35).

The Court has considered the arguments in both Defendant's and CoreCivic's pleadings. The Court balanced Defendant's reasonable access to law books, witnesses and other tools to prepare his defense, with CoreCivic's legitimate penological interests and taking into account the standards cited in *Mauro v. Arpaio* 188 F.3d 1054 (9th Cir. 1999), *Casey v. Lewis* 4 F.3d 1516 ((9th Cir. 1993) and *Turner v. Safley*, 482 U.S. 78 (1987).

THE COURT FINDS that CoreCivic has satisfied the Court that there are serious and significant safety and security risks in providing the defendant with the following items: different colored highlighters; see-through pens; file boxes; rubber bands, Post-it notes; stapler/staples; staple remover; scotch tape; Sharpie permanent markers; paper clips; address labels; and safety scissors.

THE COURT FINDS that each of these items can be used to make weapons or contraband items, inflict self-harm, and assault detainees and staff. They can be used to make tattoos and/or tattoo guns; sharpened into shanks, dart guns or other weapons; can be used to block cell windows, create ropes or other ligature, create tourniquets to inflict self-harm or restrain others; or used as contraband to barter with other detainees. Therefore, CoreCivic has a legitimate safety and security reason for prohibiting these items.

Regarding the remaining items on Defendant's List (Exhibit B Doc. 57), the Court notes that defendant has received manila file folders, yellow highlighters, two different types of envelopes, Uniball ballpoint ink pens; correction tape and printer paper, to which defendant confirms receipt.

As to defendant's request for multi-colored folders, Ms. Love makes statements to the Court. THE COURT DIRECTS CoreCivic to contact the Warden to determine if there is any type of security or safety reason that would prohibit the use of multi-colored folders as opposed to manila folders.

As to defendant's request for ivory/cream typing paper, defendant makes statements to the Court. The Court finds that this item is not reasonably necessary.

As to defendant's request for expandable folders, legal pads and small note pads, Ms. Love makes statements to the Court. THE COURT DIRECTS CoreCivic to provide the Court with a legitimate safety and security reason for not providing the defendant with the aforementioned items.

Mr. Turscak and Ms. Love answer questions of the Court regarding potentially over-crowding his cell with legal materials. IT IS ORDERED, subject to the Warden's review, that defendant shall be permitted to use multi-colored folders, expandable folders, legal pads and small note

pads, subject to the discussed provisions of utilizing the one-for-one exchange of items with the facility in an effort to reach a compromise while maintaining compliance with the safety and security standards of CoreCivic.

Regarding Defendant's request that LexisNexis be added to his laptop with the print option available (Doc. 57 page 5), IT IS ORDERED denying this request. The laptop was specifically provided to view Government's disclosure /discovery, and the requested access would require internet usage, which is not permitted on the laptop.

THE COURT FINDS that CoreCivic has provided the Court with legitimate safety and security concerns re potential access to sexually explicit content; pornographic content; access to information related to manufacture and introduction of weapons, alcohol, drugs, or other substances; access to information related to escape, compromise of detention security system, detainee disturbance, staff/detainee assaults, security threat group information; access to staff/detainee/co-defendant/victim or witness personal information; access to banking/tax information or other information used to harass, defraud staff, detainees, public, judiciary, or attorneys.

As to the printing issue, Ms. Love states that CoreCivic's policy is such that the inmate is to make a written request to the facility. Ms. Love is directed to look into defendant's assertion that the law librarian has stated they are not able to print.

The Court reviews the Law Library's legal resources with the defendant. (See Doc. 63 at 7-9)

IT IS ORDERED denying Defendant's request for access to American Law Reports; Restatements by the American Law Institute; Law Journals; Criminal Law Bulletin; Legal Encyclopedias; Corpus Juris Secundum and the American Jurisprudence. (Doc. 57 at 5.)

Regarding Defendant's assertion that he is being denied access to legal resources, to include the kiosk, his laptop and thumbdrives, IT IS ORDERED that Defendant make written requests to CoreCivic for access to these items. CoreCivic is ordered to document these requests and document written confirmation from CoreCivic employees whether the request was granted or denied, and if denied, what was the reason.

Ms. Love shall report back to the Court, by no later than March 24, 2025, with all of the requested information.

Mr. Cassell requests the Court to remind the defendant regarding the Protective Order currently in place and advises the Court that there is an existing plea offer, a copy of which was provided to the defendant and to advisory counsel.

Defendant is cautioned regarding the Protective Order and is directed to adhere to it.

Regarding Defendant's intent to file a Motion to Remove Prosecutor Due to Professional Misconduct (Doc. 81), which appears to infer that Mr. Cassell's reasoning for notifying the U.S. Marshal of a potential detainee conflict issue was inappropriate or specifically directed to punish the defendant or attempt to force the defendant to enter into a plea agreement. The Court states that Mr. Cassell, as a prosecutor, is an officer of the Court and has a duty of candor to the Court, the USMS, defense attorneys and to *pro se* representatives. Based on the information before the Court, the Court finds nothing to indicate misconduct and urges the defendant to be diligent before filing such a motion.

The Court questions the defendant as to whether he understands today's rulings, to which he confirms understanding; and whether he wishes to continue to represent himself or have Mr. Hartzell appointed as counsel, to which the defendant states he wishes to continue to represent himself. The defendant is put on notice that the Court will not entertain any motions for reconsideration of today's rulings.

The Court notes that trial is set in this matter on April 22, 2025 and encourages the defendant to focus on preparing a defense.

Mr. Hartzell advises the Court of an issue regarding his filing of motions on behalf of the defendant. Mr. Hartzell states that the Clerk's Office has instructed Mr. Hartzell to provide copies of those motions to defendant. Mr. Hartzell requests an order that the Clerk's Office send conformed copies of pleadings to Mr. Turscak. IT IS SO ORDERED.

| | |
|---|---|
| **Recorded By** Courtsmart | SC     5 min |
| **Deputy Clerk** Jennifer A. McCarthy | MTN  1hr 22 mins min |
| | Start:  1:34 PM |
| | Stop:   3:01 PM |