Rachel Love, Bar No. 019881
Dana M. Keene, Bar No. 036619
Shannon L. Knorr, Bar No. 032112
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
rlove@strucklove.com
dkeene@strucklove.com
sknorr@strucklove.com

*Attorneys for CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | NO. CR-23-02251-001-TUC-JAS (LCK) |
|---|---|
| Plaintiff, | **CORECIVIC'S RESPONSE TO THE COURT'S ORDER AT DKT. 83 REGARDING DEFENDANT'S LEGAL ACCESS AT CORECIVIC'S CENTRAL ARIZONA FLORENCE CORRECTIONAL COMPLEX** |
| v. | |
| John Turscak, | |
| Defendant. | |

Pursuant to the Court's March 14, 2025 Order (Dkt. 83), CoreCivic provides the Court with the following information from Warden Kline of CoreCivic's Central Arizona Florence Correctional Complex ("CAFCC") regarding safety/security/operational concerns with allowing Defendant's advisory counsel to provide Defendant with multi-colored folders, "redwell" expandable folders, and standard and small sized legal pads to keep in his cell.

CoreCivic, through Warden Kline, also provides the Court with assurance that the law library printers are operational, that there is an existing process by which detainees can request copies of case law found on the facility's electronic legal research platform, and CAFCC will document Defendant's requests for access to his court-ordered discovery laptop, shared detainee tablets, and the legal kiosk (and responses thereto, to include any reasons for denials).

## I. ACCESS TO MULTI-COLORED FILE FOLDERS, "REDWELL" EXPANDABLE FOLDERS, AND LEGAL PADS

Permitting detainees access to multi-colored file folders at CAFCC presents safety/security risks and operational burdens. (Decl. of Warden Kline at ¶11, attached hereto as Exh. 1.) In the normal course of operations, CAFCC staff, including Warden Kline, utilize color designated file folders to maintain operational and security sensitive facility documents. (Id. at ¶12.) As just a few examples, facility post orders that dictate operational duties of facility staff, cell search documents, and emergency response plan documents are maintained colored file folders – with folder color designated for the specific facility document it holds. (Id. at ¶13.) Because of this, detainees are not permitted colored file folders or paper. (Id.)

To allow detainees to possess multi-colored file folders would confuse correctional staff in the performance of their duties and would place a burden on operations where if a detainee would possess a colored file folder, staff would necessarily have to confiscate and search the folder and its contents to ensure that detainees were not in possession of confidential and security sensitive operational documents that are to be possessed and viewed only by designated facility staff – not detainees. (Id. at ¶14.) Requiring staff to confiscate and search colored file folders and their contents found in the possession of detainees would slow facility operations, increase necessary searches, and possibly create conflict if after confiscation and search, detainees challenge the manner of search of the folders/contents and challenge whether folder contents were confiscated, altered, or lost. (Id. at ¶15.)

Based upon these legitimate security concerns and operational burdens associated with Defendant Turscak possessing colored file folders, CAFCC has previously approved that his advisory counsel may send him manilla folders to organize his legal materials. (Id. at ¶16.) Such folders have a tab in the design such that the detainee can write the category of the documents on the folder to aid his organizational desires. (Id.) To allow only Defendant to possess colored file folders does not negate the legitimate security and

operational concerns and burdens at issue where the burdens associated with property searches of Defendant's property are not eliminated and allowing him to possess property different from other detainees increases the risk of prohibited bartering and the perception of favoritism to a particular detainee, which increases the risk of detainee/staff and detainee/detainee conflict and confrontation. (Id. at ¶17.)

Next, regarding "redwell" expandable folders, Defendant already possessed at least two of these types of folders in his cell as of the week of the March 14th hearing. (Id. at ¶18.) Subject to Warden Kline's discretion to require Defendant to limit the amount of property he keeps in his cell for safety, security, operational, and fire hazard concerns, Warden Kline is comfortable permitting Defendant to possess a total of five expandable redwell folders in his cell at a time. (Id. at ¶19.) If he requires additional redwell folders for organizational purposes, Defendant may "check in" expandable folders existing in his cell into his stored property and request additional new folders (to be provided by his advisory counsel) in exchange. (Id. at ¶20.) He may then exchange out any redwell folders from his cell and those in his stored property after he exceeds a total of five expandable redwell folders in his cell – maintaining a total of five redwell folders in his cell at any one time. (Id. at ¶21.)

Regarding possession of both standard sized 8 ½ x 11 legal pads and "small" legal pads, Warden Kline approves Defendant to possess 8 ½ x 11 legal pads (provided by his advisory counsel) in a reasonable amount in his cell. (Id. at ¶21.) However, allowing Defendant to possess "small" legal pads or legal pads in sizes other than 8 ½ x 11 implicates security and operational concerns. (Id. at ¶22.) Allowing Defendant to possess items that are not standard items permitted to be possessed by other detainees implicates security and operational search burdens like those associated with allowing detainees to possess colored file folders - where possession of smaller sized legal pads are supplies permitted by facility staff such that when correctional staff see a detainee in possession of non-standardized detainee property, such items must be immediately searched to determine whether the

detainee has obtained possession of facility documents, staff documents, or staff property. (Id. at ¶23.)

Further, allowing Defendant to possess a multitude of supplies different than the standardized property allowed to other detainees also increases the risk of detainee bartering and perception of favoritism which in turn risks detainee/staff conflict and confrontation. (Id. at ¶24.) So as to monitor cell property control in order to facilitate efficient cell searches and prevent fire/safety risks, Warden Kline approves possession of a reasonable number of standard sized 8 ½ x 11 legal pads in Defendant's cell to aid in his legal defense. (Id. at ¶25.) However, in order to maintain property control, CoreCivic requests this Court find that Defendant may not possess a stock of unused legal pads in his cell. (Id. at ¶26.) Thus, when he requires a new legal pad because the others are used, he may request an additional legal pad. (Id.)

## II. ACCESS TO COPIES OF CASES FOUND ON TABLET AND KIOSK ELECTRONIC LEGAL RESEARCH PLATFORMS

At the March 14, 2025 hearing, Defendant cited to CAFCC policy regarding law library access and argued that CAFCC policy requires detainees to be able to at will and print cases directly from the tablet/kiosk legal resource platforms. (Id. at ¶27.) Defendant is incorrect. (Id. at ¶28.)

The portion of CoreCivic Policy 14-8[1] to which Defendant referred regarding law library services and electronic legal research media provides as follows:

> THE FACILITY ADMINISTRATOR MUST CERTIFY TO THE RESPECTIVE FIELD OFFICER DIRECTOR, WITH VERIFICATION FROM THE FIELD OFFICE DIRECTOR, THAT THE FACILITY PROVIDES DETAINEES SUFFICIENT ACCESS TO:
> ➢ OPERABLE COMPUTERS CAPABLE OF RUNNING THE ELECTRONIC LEGAL RESEARCH MEDIA;
> ➢ OPERABLE PRINTERS;
> ➢ SUPPLIES FOR BOTH; AND INSTRUCTIONS ON BASIC USE OF THE SYSTEM.

---

[1] See Dkt. 81-11 at 2-3, Section B(1)(a)(i).

<u>AT CENTRAL ARIZONA FLORENCE CORRECTIONAL COMPLEX, THE COMPUTERS ARE SECURED WITH A MASTER LOCK AND THE PRINTERS HAVE A SECURED CAGE AROUND THEM TO PREVENT TAMPERING. TYPEWRITERS, CARTRIDGES, AND OTHER SUPPLIES ARE SECURED IN THE LIBRARY OFFICE AND ONLY DISTRIBUTED WHEN THE LIBRARIANS ARE PRESENT, SECURITY STAFF WILL PAT SEARCH ALL INMATES/DETAINEES UPON ENTRY AND EXIT FROM THE LIBRARY TO PREVENT THEFT OF DESIGNATED LIBRARY ITEMS</u>

(<u>Id</u>. at ¶29.)

This policy provision requires CAFCC to provide detainees with sufficient access to operable printers in order to obtain print outs from the electronic legal research platforms that are provided on the tablets/kiosks. (Id. at ¶30.) CAFCC is not required to provide detainees with their own individualized on-demand print capability directly from the tablets/kiosks. (Id. at ¶31.) Nor do the detainee tablets and legal research kiosks provide the capability for detainees to on-demand print directly from the tablets or the kiosk in order to maintain facility control over print resources. (Id. at ¶32.) CAFCC detainees are provided the ability to print from the electronic legal research platforms by simply making requests to the law library for the print outs. (Id. at ¶33.)

If Defendant would like a copy of a case he finds on the facility detainee tablet or legal research kiosk electronic legal research platform, he simply needs to make a request to the law library for a print out of the same by submitting a request via the tablet or a paper detainee request form (available in RHU and by asking staff for a blank form). (<u>Id</u>. at ¶34.) Warden Kline confirmed with CAFCC law library staff on March 18, 2025, that the printers in the law library are operational such that written requests from detainees for print services can be accomplished. (<u>Id</u>. at ¶35.) Defendant can also ask his advisory counsel to send him copies of cases he finds on the tablet or kiosk.

/ / /

/ / /

/ / /

## III. ACCESS TO ELECTRONIC DISCOVERY LAPTOP, DETAINEE TABLET AND LEGAL RESEARCH KIOSK

CAFCC will document Defendant's requests for access to his electronic discovery laptop, shared detainee tablets, and legal research kiosk so that his requests, request response, and reasons for denials of any requests are documented. (Id. at ¶¶36-37.) Instead of proceeding with the informal verbal request process that has been utilized, going forward, Defendant will be required to submit a written request using the paper detainee request forms available to RHU detainees to request access to his electronic discovery laptop, shared detainee tablets, and legal research kiosk. (Id. at ¶38.) Alternatively, he may request access to his electronic discovery laptop and legal research kiosk by submitting a detainee request on the tablet. (Id. at ¶39.) Responses to the requests and any denials will be documented, including the reasons for any denials. (Id. at ¶40.)

## IV. CONCLUSION

Based upon the foregoing, CoreCivic respectfully requests this Court order that CAFCC may continue to restrict Defendant's access to multi-color folders where he is permitted access to manilla folders and redwell expandable folders, and restrict access to small sized legal pads for the reasons argued herein that are based upon legitimate safety, security, and operational concerns.[2] CoreCivic likewise requests this Court find that Defendant's access to make copies of case law by submitting written requests to the law library (or obtaining copies through his counsel) is acceptable. Defendant's request for access to his court-ordered discovery laptop, shared detainee tablets and the legal kiosk will be documented (along with responses to the requests and reasons for any denials).

---

[2] CoreCivic requests, as argued herein, that Defendant be limited to five redwell expandable folders in his cell at any one time and that upon a need for another 8 ½ x 11 legal pad, he may request the same from his property as opposed to allowing Defendant to maintain a stock of unused legal pads in his cell.

DATED this 24th day of March, 2025.

        STRUCK LOVE BOJANOWSKI & ACEDO, PLC

        By /s/ Rachel Love
          Rachel Love
          Dana M. Keene
          Shannon L. Knorr
          3100 West Ray Road, Suite 300
          Chandler, Arizona 85226

        *Attorneys for CoreCivic*

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Matthew Colson Cassell
Rui Wang
US Attorneys Office - Tucson, AZ
405 W Congress St., Ste. 4800
Tucson, AZ 85701-4050
matthew.cassell@usdoj.gov
rui.wang@usdoj.gov

*Assistant U.S. Attorneys*

Thomas Scott Hartzell
TS Hartzell Attorney at Law
325 W Franklin St., Ste. 103
Tucson, AZ 85701
tshartzell@tshartzell.com

*CJA Appointment for Defendant*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

John Turscak, No. 14098-074
Central Arizona Florence Correctional Complex
P.O. Box 6300
Florence, AZ. 85132

*Defendant Pro Se*

/s/ Rachel Love