# EXHIBIT 1

# Declaration of Warden K. Kline

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. CR-23-02251-001-TUC-JAS (LCK) |
| Plaintiff, | |
| v. | **DECLARATION OF WARDEN K. KLINE** |
| John Turscak, | |
| Defendant. | |

I, K. Kline, make the following Declaration:

1. I am over the age of 18 years and competent to testify to, and have personal knowledge of, the matters set forth in this Declaration. If called to testify, I could and would testify as follows.

2. I am the Warden of CoreCivic's Central Arizona Florence Correctional Complex ("CAFCC"), located in Florence, Arizona.

3. The statements made in this Declaration are based upon my personal knowledge, information provided to me by CAFCC staff, and review of the relevant records, which are maintained in the regular course of business at CAFCC.

4. On December 24, 2025, I submitted a Declaration to this Court explaining United States Marshal Service ("USMS") Detainee John Turscak's access to legal property, legal supplies, legal resources, a discovery laptop computer, and his criminal case electronic discovery flash drive. (Dkt. 63-1.)

5. On February 6, 2025, I submitted a second Declaration to this Court explaining security breaches committed by Detainee Turscak to advise that on January 8,

1

1  2025, Detainee Turscak concealed his court ordered criminal case discovery laptop
2  computer and took it back to his cell and thereafter on January 11, 2025, transferred the
3  laptop computer to another detainee's cell - undetected, in violation of security restrictions
4  precluding the detainee from utilizing his discovery laptop outside of the secure enclosures
5  located in Restricted Housing Units. (Dkt. 78-1.)

6      6. On January 13, 2025, Detainee Turscak's discovery laptop and one USB flash
7  drive were discovered in another detainee's cell in the RHU housing unit to which Turscak
8  was assigned.[1] (*Id*. at ¶10.)

9      7. I am aware that during a Court hearing on March 14, 2025, the requested
10 additional information from CoreCivic regarding whether there are safety and security
11 concerns associated with my previous denial of Detainee Turscak's request to possess the
12 following office supplies: multi-colored file folders; expandable "redwell" folders; and
13 standard size and "small size" legal pads.

14      8. I also understand that the Court requests additional information regarding
15 print capabilities for copies of cases Detainee Turscak finds on facility tablet or legal
16 research kiosks electronic research platforms.

17      9. I further understand that the Court requests a process be implemented to track
18 if Detainee Turscak makes requests to utilize his court ordered electronic discovery laptop
19 computer, facility detainee tablets, or legal research kiosks.

20     10. Each of these request categories are addressed in turn as follows.

---

[1] I understand that during the March 14, 2025 hearing held on Detainee Turscak's pending motions regarding legal access at CAFCC, there was discussion regarding Turscak having two USB flash drives provided by his advisory counsel. It is my understanding that I additionally confirmed by speaking to facility RHU staff, that Turscak has had one USB flash drive, not two. And only one flash drive was found in the other detainee's cell when Turscak's discovery laptop was also discovered in that other detainee's cell on January 13, 2025. Detainee Turscak has not submitted any requests or grievances before or after January 2025 alleging that he previously had two discovery flash drives but that one was missing.

### ACCESS TO MULTI-COLORED FILE FOLDERS, "REDWELL" EXPANDABLE FOLDERS, AND LEGAL PADS

11.   Permitting detainees access to multi-colored file folders presents safety/security risks and operational burdens.

12.   In the normal course of operations, CAFCC staff, including myself, utilize color designated file folders to maintain operational and security sensitive facility documents.

13.   As just a few examples, facility post orders that dictate operational duties of facility staff, cell search documents, and emergency response plan documents are maintained colored file folders – with folder color designated for the specific facility document it holds. Because of this, detainees are not permitted colored file folders or paper.

14.   To allow detainees to possess multi-colored file folders would confuse correctional staff in the performance of their duties and would place a burden on operations where if a detainee would possess a colored file folder, staff would necessarily have to confiscate and search the folder and its contents to ensure that detainees were not in possession of confidential and security sensitive operational documents that are to be possessed and viewed only by designated facility staff – not detainees.

15.   Requiring staff to confiscate and search colored file folders and their contents found in the possession of detainees would slow facility operations, increase necessary searches, and possibly create conflict if after confiscation and search, detainees challenge the manner of search of the folders/contents and challenge whether folder contents were confiscated, altered, or lost.

16.   Based upon these legitimate security concerns and operational burdens associated with Detainee Turscak possessing colored file folders, I have previously approved that his advisory counsel may send him manilla folders to organize his legal materials. Such folders have a tab in the design of the folders such that the detainee can write the category of the documents on the folder to aid his organizational desires.

17. To allow only Detainee Turscak to possess colored file folders does not negate the legitimate security and operational concerns and burdens at issue where the burdens associated with property searches of Turscak's property are not eliminated and allowing Turscak to possess property different from other detainees increases the risk of prohibited bartering and the perception of favoritism to a particular detainee, which increases the risk of detainee/staff and detainee/detainee conflict and confrontation.

18. Next, regarding "redwell" expandable folders, I am aware that Detainee Turscak already possesses at least two of these types of folders in his cell.

19. Subject to my discretion to require Detainee Turscak to limit the amount of property he keeps in his cell for safety, security, operational, and fire hazard concerns, I am comfortable permitting Turscak to possess a total of five expandable redwell folders in his cell at a time.

20. If he requires additional redwell folders for organizational purposes, he may "check in" expandable folders existing in his cell and request additional new folders (to be provided by his advisory counsel) in exchange. He may then exchange out any redwell folders from his cell and those in his stored property after he exceeds a total of five expandable redwell folders in his cell – maintaining a total of five redwell folders in his cell at any one time.

21. Regarding possession of both standard sized 8 ½ x 11 legal pads and "small" legal pads, Detainee Turscak may possess 8 ½ x 11 legal pads (provided by his advisory counsel) in a reasonable amount in his cell.

22. Allowing Detainee Turscak to possess "small" legal pads or legal pads in sizes other than 8 ½ x 11 imposes implicates security and operational concerns.

23. Allowing Detainee Turscak to possess items that are not standard items permitted to be possessed by other detainees implicates security and operational search burdens like those associated with allowing detainees to possess colored file folders where possession of smaller sized legal pads are supplies permitted by facility staff such that when correctional staff see a detainee in possession of non-standardized detainee property, such

items must be immediately searched to determine whether the detainee has obtained possession of facility documents, staff documents, or staff property.

24. Allowing Turscak to possess supplies different than the standardized property allowed to other detainees also increases the risk of detainee bartering and perception of favoritism which in turn risks detainee/staff conflict and confrontation.

25. So as to monitor cell property control in order to facilitate efficient cell searches and prevent fire/safety risks, Detainee Turscak may possess a reasonable number of standard sized 8 ½ x 11 legal pads in his cell to aid in his legal defense.

26. However, in order to maintain property control, he may not possess a stock of unused legal pads in his cell. Thus, when he requires a new legal pad because the others are used, he may request an additional legal pad.

**ACCESS TO COPIES OF CASES FOUND ON TABLET AND KIOSK ELECTRONIC LEGAL RESEARCH PLATFORMS**

27. I understand that at the March 14, 2025 hearing, Detainee Turscak cited to CAFCC policy regarding law library access and argued that CAFCC policy requires detainees to be able to at will, print cases directly from the tablet/kiosk legal resource platforms.

28. Detainee Turscak is incorrect.

29. The portion of CoreCivic Policy 14-8[2] to which Detainee Turscak refers regarding law library services and electronic legal research media provides as follows:

> THE FACILITY ADMINISTRATOR MUST CERTIFY TO THE RESPECTIVE FIELD OFFICER DIRECTOR, WITH VERIFICATION FROM THE FIELD OFFICE DIRECTOR, THAT THE FACILITY PROVIDES DETAINEES SUFFICIENT ACCESS TO:
> - OPERABLE COMPUTERS CAPABLE OF RUNNING THE ELECTRONIC LEGAL RESEARCH MEDIA;
> - OPERABLE PRINTERS;
> - SUPPLIES FOR BOTH; AND INSTRUCTIONS ON BASIC USE OF THE SYSTEM.

---

[2] See Dkt. 81-11 at 2-3, Section B(1)(a)(i).

5

<u>AT CENTRAL ARIZONA FLORENCE CORRECTIONAL COMPLEX, THE COMPUTERS ARE SECURED WITH A MASTER LOCK AND THE PRINTERS HAVE A SECURED CAGE AROUND THEM TO PREVENT TAMPERING. TYPEWRITERS, CARTRIDGES, AND OTHER SUPPLIES ARE SECURED IN THE LIBRARY OFFICE AND ONLY DISTRIBUTED WHEN THE LIBRARIANS ARE PRESENT, SECURITY STAFF WILL PAT SEARCH ALL INMATES/DETAINEES UPON ENTRY AND EXIT FROM THE LIBRARY TO PREVENT THEFT OF DESIGNATED LIBRARY ITEMS</u>

30. This policy provision requires CAFCC to provide detainees with sufficient access to operable printers in order to obtain print outs from the electronic legal research platforms that are provided on the tablets/kiosks.

31. CAFCC is not required to provide detainees with their own individualized on-demand print capability directly from the tablets/kiosks.

32. Nor do the detainee tablets and legal research kiosks provide the capability detainees to on-demand print directly from the tablets or the kiosk in order to maintain facility control over print resources.

33. CAFCC detainees are provided the ability to print from the electronic legal research platforms by simply making requests to the law library for the print outs.

34. If Detainee Turscak would like a copy of a case he finds on the facility detainee tablet or legal research kiosk electronic legal research platforms, he simply needs to make a request to the law library for a print out of the same by submitting a request via the tablet or a paper detainee request form (available in RHU and by asking staff for a blank form).

35. I personally confirmed with CAFCC law library staff on March 18, 2025, that the printers in the law library are operational such that written requests from detainees for print services can be accomplished.

**ACCESS TO ELECTRONIC DISCOVERY LAPTOP, DETAINEE TABLET AND LEGAL RESEARCH KIOSK**

36. I understand that the Court would like CAFCC to implement a documentation process regarding Detainee Turscak's requests for access to his electronic discovery laptop,

detainee tablets, and legal research kiosk so that his requests, request response, and reasons for denials of any requests are documented.

37.  CAFCC is able to implement this process.

38.  Instead of proceeding with the informal verbal request process that has been utilized, going forward, Detainee Turscak will be required to submit a written request using the paper detainee request forms available to RHU detainees to request access to his electronic discovery laptop, detainee tablets, and legal research kiosk.

39.  Alternatively, he may request access to his electronic discovery laptop and legal research kiosk by submitting a detainee request on the tablet.

40.  Responses to the requests and any denials will be documented, including the reasons for any denials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 6, 2025, in Florence, Arizona.

_____
K. KLINE