John Turscak, Reg.No.14098-074
Central Arizona Florence Arizona
Correctional Complex
P.O. Box 6300
Florence, Arizona 85132



☒ FILED   ☐ LODGED
Jul 16 2025
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,            )    CR23-02251-TUC-JAS(LCK)
           PLaintiff,                )
                                     )    COMBINED MOTIONS
v.                                   )    FOR EXTENTION TO FILE OBJECT-
                                     )    IONS TO MAGISTRATE'S R&R AND
John Turscak,                        )    TO ENFORCE PRIOR ORDER(DOC.83)
aka "Stranger"                       )
                                     )    [UNDER SEAL]
           Defendant.                )
                                     )
_____)

   It is expected that excludable delay under Title 18 U.S.C. Sec.
3161(h)(I)(D),may occur as a result of this motion or from an
ORDER based thereon. Pro se Defendant Mr.Turscak proclaims to be
a layman with no legal training relying on Zinco v. Idaho, 247 F.
3d 1015,1020(9th Cir.2001)(holdind,"courts must construe pro se
filings liberally")hereby moves this Honorable Court with good
cause showing for an extention of time to file his objections to
the initial R&R and reset the deadline for objections for at least
21-days.Due to adverse circumstances out of Mr.Turscak's control
and,not only prejudicial towards his efforts to prepair his object-
ions,but also towards his entire defense..Here's why:On June 27,2025
stand-by counsel Hartzell regrettably informed Mr.Turscak via a
legal visit that,this court had denied his motion requesting
additional time needed to complete his Reply to the AUSAs Response
to his motion to dismiss .As a result of attorney Hartzell'having
submitted it late.That,was not Mr.Turscak's fault.Neither is Mr.
attorney Hartzell's over-worked and way too many case loads,not
to mention his very hectic and demanding trial calendar for his
pending cases.That,evidently and quite obviously is stretching him
too thin to act effectively and carry through on his duties as
stand-by "advisory" counsel.Resulting in Mr.Turscak being
deprived of the alternate assistance in which this Honorable

-1-

Court has tried to provide via CJA and in compliance with the 9th Circuit's ruling in Milton v. Morris,767 F.2d 1443, 1446(1985).

To be clear, Mr.Turscak has not and is not receiving attorney Hartzell's assistance to help prepare and conduct his own defense. Infact,attorney Hartzell has represented himself to Mr.Turscak as his "advisor" and that is it.He has stipulated to Mr.Turscak that he is not his "runner" or "do boy" and,that typing up motions, making copies or retrieving case law is "beneath" him.[1] in light of all of these reasons clearly explains why attorney Hartzell failed to timely file for an extention as Mr.Turscak had instructed him to do.Consequently resulting in prejudice and is fundamentally unfair to Mr.Turscak because he was denied access to the court from filing his response to Dismiss Indictment(Doc.92). As a result to this amounting to Mr.Turscak being deprived of his alternative assistance and due process,"now" he has to prepare to submit objections to the Magistrates "R&R" that,attorney Hartzell had "forgot" to bring with him at their June 27th visit. Moreover, on March 14,2025 this court had ORDERED the clerk's office to start mailing conformed copies of pleadings to Mr.Turscak. Since that ORDER went into effect Mr.Turscak has NOT received one single filing with the court.Therefore,Defendant moves this Honorable Court toENFORCE it's Marcch 14,2025 ORDER(Doc.83) and instruct the clerk of court to send copies of ALL filings begaining on this this court's ORDER date to today's filing date of this Motion. Additionally,and in an abundance of caution Mr.Turscak request an uptodate Docket sheet so to see exactly what else didn't attorney Hartzell file on Defendant's behalf.Specifically, in regards to his anticipated Reply to the government's response to his motion.That, included over 100 reports from varrious news media outlets that, had reported on what the AUSAs had stated about Mr.Turscak's case with absolutely no referance to the November 27,2001,L.A.Times article by some "anonymous" reporter in which the AUSA relies on (Doc.103 at pg.4).Which,also included a request for a media expert necessary to show the negative effects of the AUSAs statements to the Press and other media that,such publicity attendant thereto

was "nationwide" and most adverse and prejudicial to Mr.Turscak in which,"they" the government had purposely caused.[2] As Defendant's evidence "more than a single news article" would have proven under United States v. Morrison, 449 U.S.361,365-366(1981),had he not been prejudiced by attorney Hartzell's unexceptable tardiness that prevented his Reply from being submitted.See Fed.R.Evid.702; Berger v. United States, 295 U.S.78(1935)Not only this,what happened to him reporting back to this court with his findings concerning Mr.Turscak's court ORDERED laptop that all parties were in agreement to him doing before Defendant even touching it?(Doc.83). Which to Defendant's understanding,attorney Hartzell had stated to him that he infact had submitted a Declaration that he had attached to Mr.Turscak's Status Report to the Court.Showing how CoreCivic prison staff had lost both thumb drives containing all of Defendant's work product e.g.,dozens of notes,different defense strategies, motion drafts for discovery,lists of possible winesses,gang experts, and media experts that Defendant had discovered through many hours of case law research-it's all gone, Attorney Hartzell was also suppose to report from these/his findings that CoreCivic prison staff continue to disregard two Court ORDERS and its instuctions regarding the March 14,2025 hearing.[3] There was also evidence-actual photographs taken by USMS depicting how prison staff had intentionally disorganized all of Defendant's legal materials and personal property when they trashed his assigned cell during a "random" cell search where numerous trial prep documents/evidence were confiscated.Thus,without an updated Docket sheet or copies of everything that has been filed after the March 14,2025 hearing, Defendant will not be able to asses the damages caused by attorney Hartzell's ineffective assistance of stand-by "advisory" counsel which,Defendant did NOT ask for. As of present Mr.Turscak continues to be denied his right to make his own defense.The right guaranteed by the Fourteenth and Sixth Amendments of the U.S. Constitution which grants to the accused personally the right to make his own

defense. Faretta, 422 U.S. at 819-20, 95 S.Ct. at 2533-34. Notwithstanding this right, all of Mr. Turscak's efforts to prepair his own defense are being unreasonably and intentionally hindered by the government, their actors CoreCivic and now stand-by counsel-attorney Hartzell-all of which they can not do. See Milton, 767 F.2d at 1446-47. Last Defendant could recall, your Honor never fair warned him that he would be facing any of these types of perils resulting prejudice and placing grave doubt that his decision to reject the assistance of counsel and represent himself was "knowing and voluntary" as required by Faretta.[4]

In light of the aforegoing and having good cause shown, in the interest of justice and fundamental fairness this Honorable Court should GRANT Mr. Turscak's motion and any other relief he may be entitled to after construing his motion liberally.

RESPECTFULLY SUBMITTED this 8th day of July 2025.

/S/
John Turscak Pro Se
Defendant.

## FOOT NOTES

1.) For the last 90 or so days CJA Paralegal Bruell has declined to provide any further assistance and attorney Hartzell has been unable to find a suitable replacement Stating that nobody wants to be associated with this case bcause its "too high-profile". Which, ultimately is depriving Defendant from receiving any type of "alternative assistance" available through CJA, and with no other means to the outside world needed to prepare for his defense. See Milton, 767 F.2d at 1446 citing Faretta.

2.) For the courts information and to get the record straight, Mr. Turscak could careless about some AUSAs bringing up "old dirt" by calling him a "snitch" in the media. "Truth be told" (and Defendant has personal knowledge from past experiance) not one of those "prosecutors" has the b@!!$ to put in that "by all means necessary" work that "I did" for my community when I agreed to cooperate with our Government by going deep cover to dismantle/completely wipe-out an entire "baby killing" faction within the ranks of my criminal enterprise, that included innocent women, back in the mid- to late 90's when street gangs in L.A., were out of control. So, Defendant wears that "snitch" lable as a badge of honor that no man can away from him period. Secondly, lets be clear about this "leak" that the government refused to admit or deny the fact of the matter case-in-chief evidence was declosed to the media from their office-Tucson-a statement that was made by the victim. That's unconstitutional, they were in the wrong for that and this court should have held an evidentiary hearing. That's why Defendant is appealing to Judge Soto so to get to the bottom of this mess. Who's going to "man-up" to releasing the victims statement or else that whol office should be held responsible. Because it's clear it came from them. Not some L.A.Times news article that was written almost 30-years ago.

3.) Defendant's time to prepare a defense for trial is being cut severely short-access to laptop request for more time has and continues to be delayed and denied (hrs differ from 2 to 3hrs-3 times a wk-no wk ends) paper trail request are non existant and tablet request are ignored w/out staff name or identifying party. Defendant has provided attorny Hartzell w/a motion to Compel CoreCivic to turn over all of his Detainee Request from off the tablet. But, is unsure that Hartzell ever had it filed w/the court.

4.) With regards to Faretta rights the Ninth Circuit has held in relevan part; "The focus is properly on what [a defendant] understood, not what the Court said or understood". United States v. Gerritsen, 571 F.3d 1001, 1007 (9th Cir. 2009)

## PROOF OF SERVICE

I, John Turscak, pro se Defendant in this action, hereby declairs under the penalty of perjury that, as a result of court appointed stand-by advisory counsel Hartzell refusing to accept this pleading to be filed with the court and a copy served upon the government, and, a Motion Hearing set for July 16, 2025, Defendant has no other option but to provide this pleading on this day upon the Clerk of Court for filing and copies served upon the Government and the Defendant. Addressed as follows:

CLERK OF THE UNITED STATES
DISTRICT COURT
Evo A. DeConcini Courthouse
405 W. Congress Street, Ste. 1500
Tucson, Arizona 85701-5010

_____
John Turscak, Defendant.
Dated: July 8, 2025