John Turscak,Reg.No.:14098-074
Central Arizona Florence
Correctional Complex
P.O.Box 6300
Florence, AZ 85132

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America, Plaintiff, | CR-23-02251-TUC-JAS- (MSA) |
| Vs. | MOTION REQUESTING A COURT ORDER |
| John Turscak, aka "Stranger", Defendant. | [EX PARTE] |

It is expected that excludable delay under Title 18 U.S.C.Sec.3161 (h)(I)(D), may occur as a result of this motion or from an ORDER based thereon. Pro se Defendant Mr.Turscak declares that he is a simple layman with no legal training[1] hereby motions this Honorable Court for an ORDER directing prior defense counsel T.S.Hartzell,CJA to fulfill his ethical obligations in compliance with Ariz.Rules of Prof'l Conduct ER.1.16(d) and it's Commentary at 10,11,and 12, by surrendering all documents and property over to newly appointed Advisory Counsel Nicholas Brereton,CJA, to which Mr.Turscak is entitled,(and),to further ORDER counsel Hartzell to provide this Honorable Court with a response as to why he failed to carry through with the parties agreement concerning Mr.Turscak's Court ORDERED laptop and [his] Hartzell's obligation to file a Report back to the Court.(Doc.83 at Pgs.46-48).

1.It is an entrenched principle that pro se filings "however inartfully pleaded"are held "to less stringent standards than formal pleadings drafted by experienced lawyers".Hughes v. Rowe,449 U.S.5,9, 101 S.Ct.173,66L.Ed.2d.163(1980)(quoting Haines v. Kerner,404 U.S.519 520,Hamilton v. United States,67F.3d.761,764(9thCir.1995).(We are specifically directed to"construe pro se pleadings liberally."Hamilton,

Defendant Turscak's Motion is in support of the accompanying Memorandum of Points and Authorities,the Record,and,facts of this case ,and any oral argument that the Court may deem necessary in the pursuit of justice and to the rights of the Defendant.

## I.
## MEMORANDUM OF POINTS AND AUTHORITIES

Herein, Defendant Turscak respectfully declares that, as of today's date prior defense counsel T.S.Hartzell has failed to surrender **all** documents and work product in his possession with regards to his dull roll in the representation of Mr.Turscak's case. Moreover, counsel Hartzell never did report back to this Honorable Court with his findings regarding Defendant's laptop as he had promised both Mr.Turscak and the Court during the March 14, 2025 Motion Hearing. (Doc.83).

What should appal this Honorable Court the most about Hartzell's conduct in this case, is the fact that hadn't Defendant Turscak exercise his due diligence to investigate and review a recent docket sheet.Then, he never would have discovered how Hartzell had been lying about filing his Report back to the Court.When,the truth of the matter is,after all this time [he] Hartzell never did. Just like he never informed Mr.Turscak that this Honorable Court had GRANTED his motion to file objections to the Report and Recommendation.(Doc.111 and Doc.109).Once Hartzell had taken over the case, the Clerk of Court was no longer responsible for mailing out to him Notices of docket entries,it was Hartzell's, and,so "once again" he

---

1.Cont.,67 F.3dat764.This duty applies equally to pro se motions and with special force to filinges from pro se inmates".Id.;Zinco v.Idaho, 247 F.3d.1015,1020(9th Cir.2001)).

ineffectively chose not to file or be truthful with Mr.Turscak.For an experienced attorney, shame on him. Thus, to avoid further prejudice to Defendant Turscak's Constitutional rights, this most Honorable Court should issue an ORDER directing attorney T.S.Hartzell to respond to these claims necessary for Defendant Turscak to make a substantial showing that,several **Milton** violations have occurred in this case.

## II.
## ARGUMENT

### A Surrendering Documents and Property to which Defendant is Entitled.

Plain and simple, at the close of the attorney-client relationship attorney T.S.Hartzell was requiered to take steps to the extent reasonably practical to surrender **all** documents and property to which this Defendant Mr.Turscak is entitled.However, in violation of his ethical obligations under ER 1.16 (d),attorney T.S.Hartzell has refused to do so. Resulting in Mr.Turscak seeking an ORDER directing counsel Hartzell to fulfill his ethical obligations with respect to clients files by returning the entire case file to include (without-limitation), **all** paper documents,complete work product,correspondance, and original documents Re.Case No.:CR 99-383 AHM,to include **all** drafts and notes that were taken during the course of investigation,and trial prepairation,and **all** case discovery.

This document request shall take no longer than **48-hrs** to fulfill, or within the time specifide by this Honorable Court.

### B. Specific Property Yet to be Returned to Which Defendant is Also Entitled.

At the withdrawl of counsel motion hearing,(Doc.___),both defense lawyers Thomas S. Hartzel,CJA,and;Kristian H. Salter,CJA,had filed

a joint motion to withdrawl as counsel,(Doc.___),citing professional considerations that requiered their mandatory withdrawl of representation See ER 1.16(a)(4). The evidence that they that they had used to support their position was a letter that attorney T.S.Hartzel had taken from the Defendant Mr.Turscak with the understanding that he would drop off this letter at the U.S.Post Office for mailing purposes just as [he] Hartzell has done in the past dozen of times before this incident had occurred. The letter in question had been sealed as confidential mail addressed to a witness and friend/fellow prisoner in Mr.Turscak's case barring the name "M.Garcia". However, rather than take the letter to the Post Office, Hartzell "all of a sudden" decides to open and read it instead. ("wait a minute,isn't that illegal-tampering with U.S.mail addressed to someone other than yourself?").The contents of this letter what Mr.Turscak had written, was the substance that suposably justifide "both" lawyers,(Hartzell and Salter),immediate withdrawl. Which,made no sense at all considering, that counsel Salter had absolutely no involvement with the letter incident period. Moreover, no where inside the letter did Defendant Turscak discuss any plans that saught to utilize the lawyers services to commit or further a crime or fraud that would have violated ER.1.16(a)(4)and dispite their discussion that they would of had to of had with the Defendant to qualify pursuant to Rules 1.2(e) and 1.4(a)(5) regarding the limitations on the lawyers assisting with the conduct they were alleging to be criminal.That,did not happen.

As such, Mr.Turscak would like this record to reflect that, at no time had he ever demanded that these two lawyers engage in any type of conduct to be illegal and or violated the Rules Of Profesional Conduct or other law as discribed in E R.1.16(a)(4).

Based on these facts,it is Mr.Turscak's assertion and strong belief

that both of these experienced attorneys,(Hartzell and Salter) had colluded together in an effort to justify their withdrawl from this case,"and" they used his letter as a ruse to pull it all off without even drawing not one single question from the Magistrate.(Doc.___). Furthermore, if attorny Hartzell had really suspected any type of illegal activity were being communicated via Mr.Turscak's letter,then he had an ethical obligation to fair warn Mr.Turscak about what he had suspected and or how he may have thought about the letter seaming a bit sketchy "this time" so he declined to take the letter into his possession as he normally would. But, Hartzell didn't. He accepted it as usual. Then, turned right around shows it to Salter,andthen,they both developed a plan to use his own letter against him.That's entrapment isn't it? It's ethically wrong that is for certain and both of these lawyers should be reported to the Bar Association,that's for sure. Regardless, Mr.Turscak wants his property to be returned. It's his letter to begin with. It's his correspondence and in accordance with ER 1.16(d) and the Commentary at 10., he is entitled to have his correspondene returned as is. For the simple fact, this type of misconduct that occurred in this incident, should be thoroughly investigated by the Bar Association.

C. The Parties Are Entitled To Know Why Attorney T.S.Hartzell Refused To File His Report Back To The Court.

Mr.Turscak's final request from this most Honorable Court, is to direct attorney T.S.Hartzell to provide an explaination to the parties as to why he never filed his Report back to the Court regarding Defendant Turscak's alligations against prison-CAFCC staff purposely misplacing his thumb drives and tampering with his Court ORDERED laptop

that they,(Turscak and Hartzell),had argued during the March 14, 2025 Motion Hearing.(Doc.83).When, it was [his] Hartzell's bright idea in the first place that, had gotten the parties to agree on his proposed solution to resolve the laptop issues that the Defendant had been complaining about to the Court. So, then why would counsel Hartzell deliberately mislead Mr.Turscak into beliving that he had filed his Report back to the Court when he never did? That, requieres a Response from Hartzell because his actions or lack thereof constitutes ineffective assistance of counsel grounds all day. Matter a fact, attorney Hartzell is caught in the act of committing all sorts of violations, ethical and constitutional, what does he have to say for himself? Because, as a Defendant who took part in the parties "agreement" at the March 14, 2025 Motion Hearing,(Doc.83 at Pg.49:1-10),Mr.Turscak has a constitutional right to know why prior counsel T.S.Hartzell **did not** file his Report back to the Court when he had obligated himself and the rest is up for the Honorable Court to decide.

Never the less, Mr.Turscak would like copies of any work product that,"by chance" may have been done concerning this matter,(Doc.83) to include, evidence,and personal notes belonging to the Defendant that, Hartzell had obtained during a legal visit at theCAFCC.

I,John Turscak, am the Defendant in this case,and I do declare under the penalty of perjury, that the aforegoing is the absolute truth to the best of my knowledge, understanding, and belief.

//

//

//

Re: CR-23-02251-001-TUC-JAS (LCK)

1-116B USMS

# REQUEST FOR ASSISTANCE /SOLICITUD DE ASISTENCIA

**Detainee Name/Nombre de Detenido:** John Turscak

**REG/A#:** 14098074 **Unit /Unidad:** MAIN RHU/#122

**To / Para:** Executive Staff Ms. Rottsmeier: **Date/Fecha:** 03/27/25

**Subject: (state briefly the problem for which you need assistance)**
**Sujeto: (indique brevemente el problema en el que necesita ayuda)**

I request that you "please" inform the Core Civic Attorneys involved in this legal matter that, in Compliance with the Courts instructions and what was agreed upon by all parties regarding the 03/14/25 hearing. On 03/25/25 Standby Counsel Mr. Hartzell showed up for a scheduled attorney visit for the sole purpose of inspecting my Court Ordered laptop and then report his findings back to the Court. However, no staff were available for him to do his job. Therefore, I am moving the Court for an evidentiary hearing as I am not touching that laptop until it is properly inspected. In the mean can you send up a legal Research kiosk as there is not one available in this RHU. Thank you.

*Note: If necessary, you may be interviewed in order to handle your request. Your failure to specifically state your problem may result in no action being taken.*

Respectfully Submitted,
[signature]

cc: U.S. Dist. Court-Tucson

*Nota: Si es necesario, puede ser entrevistado para manejar su solicitud. Si no declara específicamente su problema, es posible que no se tomen medidas.*

**DO NOT WRITE BELOW THIS LINE /NO ESCRIBA DEBAJO DE ESTA LINEA**

**Date Received:** 3/27/25

**This section applies to USMS prisoners only:**

**Request Type** *(Choose One)*: ☐ Routine Request ☐ Non-Routine Request

*Routine requests are to be answered within 24 hours (clothing, indigent supplies, staff assistance) - G.9.1.c*
*Non-routine requests are to be answered within 72 hours - G.9.5*

**Disposition / Response:**

Scanned copy has been sent to MS Rottsmeier

S/O R. C[signature]
Staff Member Signature

3/27/25
Date

01/2023

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:23-cr-2251-JAS-LCK |
| John Turscak, | ) | Tucson, Arizona<br>March 14, 2025<br>1:34 p.m. |
| Defendant. | ) | |

**TRANSCRIPT OF PROCEEDINGS**
**MOTION HEARING**

BEFORE THE HONORABLE LYNNETTE C. KIMMINS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES

For the Government:
Matthew Cassell
Rui Wang
United States Attorneys Office
405 West Congress Street, Suite 4800
Tucson, Arizona 85701

For the Defendant:
John Turscak
Pro se

Advisory Counsel for Defendant:
Thomas Hartzell
TS Hartzell Attorney at Law
325 West Franklin Street, Suite 103
Tucson, Arizona 85701

For CoreCivic:
Rachel Love
3100 West Ray Road, Suite 300
Chandler, AZ 85226

Transcribed by:
Anni Bryan
(520)205-4268
Proceedings digitally recorded
Transcript prepared by transcriptionist

THE COURT: But your evidence is inferences and your suggestions and your beliefs. There is no physical evidence that anything has been taken off of your computer, okay? Now, what do you think that they removed? What do you think they removed?

THE DEFENDANT: That's the thing. I don't know, Your Honor.

THE COURT: So we're done. We're done. You can request to use your laptop and thumb drives. Go through the regular requests. If there's any issues once you do your requests, the thumb drives aren't there, as you think they aren't, or you're not given the ability to use the laptop, then you can contact Mr. Hartzell and the Court. But at this point, I'm going to have you keep making your normal requests for your laptop and your thumb drives, all right?

Go ahead, Mr. Hartzell.

MR. HARTZELL: I apologize.

THE COURT: That's okay.

MR. HARTZELL: Prior to the move from one RHU to another, Mr. Turscak would bring his laptop and thumb drives to meetings with me, and we reviewed disclosure together, comment on it. Since he's been moved, I haven't seen it at all. But if he's still allowed to bring it, I can easily look through the file directories and see what was taken out and when and tell him --

THE COURT: Ms. Love is shaking her head that that isn't a problem.

So that -- Mr. Turscak, that's something that you and Mr. Hartzell can work on. And between both of you and your memories of what was on the computer and what's not on the computer, you can go ahead and take a look at it. The documents that I've seen through the exhibits you've provided, it appears that CoreCivic has documented what was taken off after the disciplinary action, so it appears that they're making documentations of what was done.

But you and Mr. Hartzell can look at it, and if there's serious concerns that you have that something was removed -- you know, if it's something that was work product and your notes, you're kind of out of luck. It's not like I can ask them to retrieve that back. If it's deleted, it's deleted. But you can certainly let the Court know what you believe was deleted that was some sort of work product, okay?

THE DEFENDANT: Yes, ma'am.

THE COURT: Those are all -- everything I have.

Mr. Turscak, is there any other requested items that you think I have not gone over at this time or anything else you want to discuss?

THE DEFENDANT: Yes, Your Honor. I want to discuss this disciplinary thing.

THE COURT: I told you, that is not my -- I do not

THE DEFENDANT: Can I have a second?

THE COURT: Yes, of course.

THE DEFENDANT: Being that Ms. Love is in agreement with my stand-by counsel here, about me having a visit and he's able to check and report back to the Court if there's any issues on that, I'm good with that. I want to do that first before anything.

THE COURT: Okay. Any other things regarding your requests?

THE DEFENDANT: For right now, no.

THE COURT: Ms. Love, anything that you think we need to address?

MS. LOVE: Your Honor, timelines as to the report back to the Court, may I have a week from this Monday to provide you with a comprehensive report as to all of the requested information?

THE COURT: Yes. That's fine.

MS. LOVE: Thank you.

THE COURT: That's fine.

Mr. Cassell, anything on behalf of the government?

MR. CASSELL: Just a couple of things, Your Honor.

THE COURT: Sure.

MR. CASSELL: We did touch on the whereabouts of the defendant's laptop. I just want to remind the defendant, since we're on the record here, that there is a protective order in

Mr. Hartzell as your legal representative?

THE DEFENDANT: No. I'm still going forward.

THE COURT: You still want to go forward representing yourself?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay.

I'm also going to put you on notice that, with respect to the Court's rulings today, I will not entertain a motion for reconsideration. The other matters that we've talked about with respect to after your review with Mr. Hartzell of the laptop and the information that I'm getting from CoreCivic on the other matters, those are findings that have not yet been made. As to all the other findings that have been made today, the Court will not entertain a motion for reconsideration.

I'm going to encourage you to start focusing on the defense of your case. You've -- as Mr. Cassell has indicated, you have right now a current trial date of April 22nd, which I'm assuming will get continued. But we're on our sixth motion to continue. I'm not sure how many more motions to continue Judge Soto is going to entertain. You know, the case is over a year old. I really want you to start thinking about focusing on the defense of your case so that you can move forward with that, all right?

THE DEFENDANT: I've been trying, Your Honor.

THE COURT: I understand, but I just want to try to

## IIII
## CONCLUSION

Based on the facts, records, transcripts from the March 14, 2025 Motion Hearing, and Ariz.Rules of Prof'l Conduct, this most Honorable Court is urged to GRANT Defendant Turscak's Motion, and any other relief he may be entitled to under the law,and especially after construing the Motion liberally.

RESPECTFULLY SUBMITTED this 6th day of July 2026.

/s/ John Turscak

John Turscak, Pro se
Defendant.

## PROOF OF SEVICE

I, John Turscak, Pro Se Defendant, hereby declares under the penalty of perjury that, the aforegoing was placed into the care of stand by counsel Nicholas Brereton during a legal visit at the CAFCC-lock up on this date ________,to be filed with the District Court-Tucson, and copies to be served by Electronic Case Filing to: ALL ECF PARTICIPANTS.

/s/ John Turscak