**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,
Plaintiff,
v.
John Turscak,
Defendant.

No. CR-23-02251-001-TUC-JAS (MSA)

**SCHEDULING ORDER**

IT IS HEREBY ORDERED as follows:

(1) By no later than **Monday, February 01, 2027** the parties shall file:

(a) One joint set of stipulated preliminary jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the beginning of the case. The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instruction.** As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated preliminary jury instructions.

(b) One joint set of stipulated final jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the end of the case. The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions.** As to

citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated final jury instructions.[1]

(c) One joint set of stipulated mid-trial jury instructions (if any) that both parties agree are appropriate for trial. These jury instructions will be read in the midst of the case. The parties shall submit the stipulated mid-trial jury instructions in the exact order they want them read to the jury; **<u>the parties shall provide the full text of their requested instructions.</u>** As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated mid-trial jury instructions.

(d) One joint set of jury instructions that the parties cannot agree on. The party advancing a disputed jury instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction. Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law. **<u>The parties shall provide the full text of their requested instructions.</u>**

(e) One joint set of stipulated voir questions. As to stipulated voir dire questions, the parties do not need to cite authority or give a justification for stipulated voir dire questions. Generally, the Court will be inclined to read stipulated voir dire questions to the jury.

(f) One joint set of proposed voir dire that the parties cannot agree on. The party advancing a disputed voir dire question shall briefly explain why that question is appropriate and cite authority to support the proposed question. Immediately after the

---

[1] The Court notes that it likely will not read any additional instructions other than those specifically submitted by the parties pursuant to the deadline in this Order; as such, the parties should submit all jury instructions they feel are necessary for the jury in this case. After the Court receives the jury instructions from the parties, the Court will either discuss the instructions at the final pretrial conference, or issue an Order informing the parties what instructions were accepted and rejected prior to trial such that they will know the substance of all the preliminary and final jury instructions prior to trial. Likewise, prior to trial, the Court will either discuss verdict forms at the final pretrial conference, or issue an Order informing the parties what verdict forms will be used at trial.

explanation supporting the disputed question, the opposing party shall briefly explain why that question is inappropriate and cite authority to support the opposition. Where applicable, the objecting party shall submit an alternative proposed question covering the subject or issue of law. Generally, the Court will be disinclined to read disputed voir dire questions to the jury.[2]

(g) Proposed jury verdict forms (the parties shall indicate if the verdict forms are stipulated forms). In addition, on the same day that these documents are filed, paper copies of all of these documents shall be provided to chambers (to the extent there are any exhibits, a table of contents and tabs must be included), and **Word versions of all of these documents shall be emailed to chambers (soto_chambers@azd.uscourts.gov).**

As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website for the most recent version of the Ninth Circuit Criminal Model Jury Instructions. Model instructions from this website are searchable and jury instructions can be cut and pasted from this website into Word documents. Ninth Circuit Criminal Model Jury Instructions are likely to be adopted by the Court assuming such instructions are applicable under the circumstances whereas non-Ninth Circuit Criminal Model Jury Instructions (unless stipulated) are less likely to be adopted unless a specific explanation and citation of authority supports the proposed instruction.

(2) The Pretrial Conference shall be held on **Wednesday, February 17, 2027 at 1:30 p.m.** in Courtroom 6A. Counsel for the parties shall personally appear in Court at the Pretrial Conference and bring their list of proposed witnesses to the pretrial conference.

(3) The Jury Trial shall begin on **Monday, February 22, 2027 at 9:00 a.m**. in Courtroom 6A. After the first day of trial, **each subsequent trial day shall begin at 9:00**

[2] **To aid the parties in formulating their own voir dire and to help the parties avoid covering issues the Court will have already covered in its voir dire, the Court has attached a sample voir dire script the Court has used in a previous criminal case which reflects the typical questions the Court asks of the jury in criminal cases. See Attachment (Sample Criminal Voir Dire Script).** Typically, the Court asks the general voir dire questions reflected in the attachment, and then if necessary, gives each side a maximum of 30 minutes each to ask any additional questions of the jury that were not adequately covered by the Court's voir dire.

**a.m.** and end at 5:00 p.m. There is one morning recess, lunch, and one afternoon recess. The parties have indicated that the trial will last **five** days.

(4) Dispositive Motions deadline is **Friday, January 8, 2027.**

(5) A **stipulated statement of the case** shall be emailed to chambers at soto_chambers@azd.uscourts.gov by **Monday, December 28, 2026**. If the parties are unable to agree on a statement of the case, they shall file their respective statements of the case on or before **December 28, 2026**.

(6) **Motions in limine:** Motions in limine are discouraged if the parties can informally resolve the issues without Court intervention. Therefore, **the parties must confer prior to the filing of a motion in limine to determine whether it can be avoided.** Motions in limine must be accompanied by a notice of certification of conferral indicating that the parties have conferred to determine whether a motion in limine can be resolved through agreement, and have conferred to determine whether a motion in limine can be resolved through agreement, and have been unable to agree on a resolution of the motion. Motions in limine that do not contain the required certification may be stricken by the Court. Motions in limine (which includes Daubert/Rule 702 motions), if any, shall be filed no later than **Friday, January 29, 2027**. Responses to motion in limine are due no later than the time provided by LRCrim 12.1(a) or **Friday, February 05, 2027**, whichever date is earliest**.** Unless otherwise ordered by the Court, **replies are not permitted and motions in limine and responses shall not exceed five (5) pages.** The parties must provide paper copies of their motions and responses the same day as they file these documents; any motions or responses with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. **Word versions of all of these documents shall be emailed to chambers (soto_chambers@azd.uscourts.gov)** the same day that they are filed.

(7) **Trial Binders:** The parties shall prepare at least four exhibit binders for trial that contain all the exhibits that are stipulated for admission by the parties (i.e., one for the Court, one for witnesses, one for counsel representing each opposing party or group of

parties, and one for themselves). The parties shall prepare at least three exhibit binders for trial that contain all the exhibits that are unstipulated. The parties shall have these exhibit notebooks completed and give them to the Courtroom Deputy in the morning on the first day of trial. The parties shall contact the Court's Courtroom Deputy, Allison Siquieros at (520) 205-4270, if they have additional questions regarding organizing exhibits, or if they would like to schedule a time to view the Courtroom and to test the Courtroom's equipment prior to trial. Likewise, to the extent the parties may use depositions at trial, the parties shall prepare at least four stipulated deposition binders for trial and four unstipulated deposition binders for trial. *See id.* All of the binders must be accompanied by a Table of Contents; any exhibits or depositions must be indexed with tabs that protrude from the documents and shall correspond to the Table of Contents. The parties are strongly encouraged thoroughly consult with each other such that as many exhibits and depositions as possible are stipulated to be admitted at trial. The parties' failure to specifically seek, obtain, and be willing to stipulate to the admission of evidence at trial may result in sanctions especially in light of the fact that consistent objections to evidence drastically expands the time that the jury, the Court, and the parties must expend on the trial. To the extent the parties are unable to stipulate to admission after exhausting all reasonable efforts to obtain stipulations, the parties should be prepared to thoroughly explain why they could not stipulate to admission, and each side should be able to thoroughly explain why a particular piece of evidence should or should not be admitted in the midst of trial. The Court notes that to the extent certain issues could have and should have been specifically raised in timely motions in limine, such issues may be deemed untimely or otherwise waived if they are raised by the parties at trial.

(8) The Court intends to seat 13 jurors in this case (i.e., one alternate juror). As such, the Court will call 31 jurors into the Court well for questioning, will excuse and replace those jurors as necessary for cause, and then will allow the parties to exercise alternating peremptory strikes outside the presence of the jury. *See, e.g.*, Fed.R.Crim. P. 24(b)(2) and (c)(4); Fed.R. Crim. P. 31(a); Fed.R. Crim. P. 23(a). Once the parties have exercised all of

their peremptory strikes, the jury panel will be summoned back into the courtroom, the final 13 jurors will be called, the Court will give preliminary instructions, and the parties will then be permitted to give their opening arguments.

(9) Counsel for the parties shall communicate with any individuals that may appear in court throughout the trial to ensure that they are apprised of proper court decorum. This includes wearing proper attire, silencing cell phones, remaining quiet, and refraining from recording photo or video from the court. Information regarding decorum shall be relayed to any parties, witnesses, and family and friends of parties or witnesses that may appear in court at any time throughout the proceedings in this case.

(10) In order to facilitate the creation of an accurate record, the parties must file a "Notice to the Court Reporter" five (5) days before trial containing the following information that may be used at trial and email the Notice to Cindy Shearman at cindy_shearman@azd.uscourts.gov.

(a) Proper names, including those of witnesses;

(b) Acronyms;

(c) Geographic locations;

(d) Technical (including medical) terms, names or jargon;

(e) Case names and citations;

(f) Pronunciation of unusual or difficult words or names.

Dated this 19th day of August, 2026.

Honorable James A. Soto
United States District Judge