**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>John Turscak,<br>Defendant. | No. CR-23-02251-001-TUC-JAS (MSA)<br>**ORDER** |

Before the Court are three[1] Motions filed by Defendant John Turscak: (1) "Motion Requesting a Court Order [Ex Parte]" (Doc. 138); (2) "Motion to Renew Court Order" (Doc. 141); and (3) "Motion Requesting a Court Order [Ex Parte]" (Doc. 142).[2] Therein, Defendant requests the Court issue an Order compelling three of his prior attorneys "to fulfill their ethical obligations with respect to [his] files by returning his case file" to his advisory counsel. (Doc. 138 at 1; *see* Doc. 142 at 1, 3.) Defendant also requests the Court renew its Order "instructing the Clerk of Court to send conformed copies of all Docket

[1] An additional Motion for Psychiatric Evaluation (Doc. 140) is pending and will be addressed in a later Order after full briefing. The Court concludes full briefing is not required for the Motions at Docs. 138, 141, and 142 addressed here.

[2] The Court notes that although titled "Ex Parte," Defendant's Motions were not filed with an accompanying request to be filed under seal. *See* LRCrim 49.4(a) ("No document may be filed under seal in non-sealed criminal cases except pursuant to an order by the Court . . . ."). To the extent Defendant requests these Motions be considered ex parte—the request is denied. *See United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987) ("adversary proceedings are the norm in our system of criminal justice, and ex parte proceedings the disfavored exception" (internal citation omitted)).

entries to [him] at his known address via U.S. mail." (Doc. 141; *see also* Doc. 83 at 4.)

## I. Disclosure of Case Files

"The 'Rules of Professional Conduct,' in the Rules of the Supreme Court of the State of Arizona, shall apply to attorneys admitted or otherwise authorized to practice before the United States District Court for the District of Arizona." LRCiv 83.2(e); *see also* LRCrim 57.13 (applying LRCiv 83.2 in criminal cases). "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering documents and property to which the client is entitled . . . ." Ariz. R. Sup. Ct. 42, ER 1.16(d). Therefore, "[u]pon the client's request, the lawyer shall provide the client with all of the client's documents, and all documents reflecting work performed for the client," but "[t]he lawyer may retain documents reflecting work performed for the client to the extent permitted by other law . . . if retaining them would not prejudice the client's rights." *Id.*; *see also* ER 1.16, cmt. 12 ("Lawyers may fulfill their ethical obligations with respect to client files by returning the file to the client."). Typically, at the close of representation, a client is entitled to "pleadings, legal documents, evidence, discovery, legal research, work product, transcripts, correspondence, drafts, and notes, but not internal practice management memoranda." ER 1.16, cmt. 10. Therefore, there may be materials that Defendant is not entitled to, may not exist, or that are not in Defendant's interest to receive. *See Espinoza v. United States*, No. 1:20-CV-00464-DCN, 2023 WL 121029, at *1 (D. Idaho Jan. 5, 2023) (noting that certain material from a defense's file "may not be attainable"). But to the extent required by the ethical rules, Defendant's prior attorneys—Amy Krauss, Dan Cooper, and T.S. Hartzell—are ordered to provide Defendant's advisory counsel, Nicholas Brereton,[3] with Defendant's case file.

## II. Conformed Copies

A Magistrate Judge previously ordered "the Clerk's Office send conformed copies of pleadings to Mr. Turscak," after one of Defendant's prior attorneys made the request.

[3] Defendant specifically requests that his case file be "delivered to newly appointed Advisory Counsel Nicholas Brereton, CJA." (Doc. 138 at 1; *see also* Doc. 142 at 1.)

(Doc. 83 at 4.) The Court agrees that the Clerk's Office should send conformed copies of all *Court-entered* docket entries to Defendant's known address. However, as to pleadings filed by Defendant and the government, it is the responsibility of advisory counsel and counsel for the government to provide Defendant with conformed copies.

Accordingly, **IT IS ORDERED** that insofar as Defendant's Motions request disclosure of his case file to the extent required by the ethical rules and conformed copies of Court-entered docket entries, the Motions (Docs. 138, 141, and 142) are granted. To the extent the Motions seek other relief, they are denied.[4]

Dated this 20th day of August, 2026.

Honorable James A. Soto
United States District Judge

cc: John Turscak, Amy Krauss, Dan Cooper, T.S. Hartzell, Nicholas Brereton, Serra Tsethlikai

[4] Defendant's Motion at Doc. 142 also requests this Court order his prior attorney "be thoroughly investigated by the Bar Association" and order his prior attorney appear before the Court regarding his allegation that prison staff "misplac[ed] his thumb drives and tamper[ed] with his Court ordered laptop." (Doc. 142 at 5-6.) Those requests, and any others not explicitly addressed herein, are denied.