TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>John Turscak,<br>Defendant. | CR-23-02251-JAS(MSA)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A COURT ORDER THAT A PSYCHIATRIC EXAMINATION BE CONDUCTED OF THE DEFENDANT<br><br>(RESPONSE TO DOC. 140) |

Comes now the United States of America by its attorneys, Timothy Courchaine, United States Attorney, and Serra M. Tsethlikai, Assistant United States Attorney, and hereby responds to Defendant's Motion for a Court Order that a Psychiatric Examination be Conducted of the Defendant. (DOC. 140). The defendant incorrectly requests the psychiatric or psychological evaluation under Title 18, United States Code, Section 4244 as the defendant has not yet been found guilty of an offense. *See*, Title 18, United States Code, Section 4244. It appears that the correct authority for the defendant's request would be properly made under Title 18, United States Code, Section 4241. Under § 4241, the defendant's motion should be denied as the defendant, in his motion and from his conduct in previous hearings, has not established "*reasonable cause* to believe that he may be suffering from a mental disease or defect rendering him mentally incompetent to the extent

////

that he is unable to understand the nature and consequences of the proceedings against him or to enable him to make his own defense." *See*, Title 18, United States Code, § 4241(a), emphasis added.

**LAW AND ANALYSIS**

Under Title 18, United States Code, § 4241:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, … the defendant … may file a motion for a hearing to determine the mental competency of the defendant. The Court shall grant the motion, or shall order such a hearing on its own motion, if there is *reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Title 18, U.S.C., §4241(a), emphasis added.

Section 4241 then provides for a psychiatric or psychological examination and report:

> Prior to the date of the hearing, the court *may* order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

Title 18, U.S.C., § 4241(b), emphasis added.

Here, the defendant, the movant, has not established reasonable cause for this Court to believe that "the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent." While the defendant alleges that "his mental health is deteriorating and that this deterioration is interfering with his *Faretta* right to make his own defense" (DOC. 140), this assertion is vague and fails to establish "a mental disease or defect rendering him mentally incompetent". The defendant has not provided this Court with any examples of how his mental health has deteriorated to the point that the defendant is now suffering from a mental

disease or defect.

Here, the ultimate inquiry is whether the defendant's competence to stand trial is *reasonably* in question. *See*, *United States v. Klat*, 156 F.3d 1258, 1263(D.C. Cir. 1998), emphasis added; *United States v. Duncan*, 643 F.3d 1242, 1249 (9th Cir. 2011). As noted above, the defendant has not provided any evidence that his mental health has deteriorated to the point that he is suffering from a mental disease or defect. In addition, the court record appears to be void of any specific conduct that the defendant has exhibited in and outside of court which demonstrates that he is suffering from a mental disease or defect.

According to Bureau of Prison records, the defendant was diagnosed with antisocial personality disorder, had a history of depressive symptoms, and that the defendant had self-reported suicidal ideation and paranoia. The records also indicated that the defendant had a significant history of substance use which included opioids, cannabis, and cocaine. In 2023, BOP reduced defendant's CARE2-MN (mental health) rating to a level 1 as the defendant had "sustained psychological stability". (BOP – Psychology Services, Diagnostic and Care Level Formulation." It does not appear that the defendant was ever prescribed any psychotropic medication. Thus, it does not appear that the defendant has a sustained history of mental illness or psychological treatment. However, even if the defendant has mental or emotional problems or mental illness, that fact is not dispositive in determining whether a defendant is competent. *United States v. Sterling*, 99 F.4th 783, 803 (5th Cir. 2024). Furthermore, Courts have not found "substantial evidence" regarding doubt to a defendant's competency, "where the defendant's mental problem – even if severe – has no discernible impact on the proceedings." *United States* v. *Neal*, 776 F.3d 645, 655 (9th Cir. 2015). Here, even if defendant is suffering from a mental disease or defect, there is nothing on the record demonstrating a "discernible impact on the proceedings."

In looking at the defendant's motion, the court record, and the records from

the Bureau of Prisons, there is insufficient evidence for "a reasonable judge" "to experience a genuine doubt respecting the defendant's competence." *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014). To raise a "genuine doubt," there must be "substantial evidence that, due to a mental disease or defect, the defendant is either unable to understand the nature and consequences of the proceedings against him" or to properly prepare a defense. *Id*. The relevant evidence to consider is the defendant's medical history, the defendant's behavior in and out of court, and defense counsel's statements about the defendant's competency. *Id*. Current standby counsel would not provide any insight into whether he had doubts about defendant's competency due to his legal relationship with the defendant. From the limited record, a reasonable judge would be unable to find that substantial evidence exists to harbor a genuine doubt as to the defendant's competency. The defendant's competency is not reasonably in question.

Furthermore, the defendant's motion appears to seek outside assurance that he has made a sound decision to represent himself by stating that the psychiatric/psychological examination would "determine his ability to rationally weigh the consequences of electing to proceed pro se, and, to also determine whether or not competent Defendant is suffering from a mental disease or defect that has significantly impaired his judgment to make a defense." (DOC. 140). The defendant's request is sensible; however, this is not the purpose of ordering a psychiatric/psychological examination. Indeed, seeking this affirmation tends to demonstrate that the defendant is competent. In addition, ordering a pro se defendant to submit to a psychiatric/psychological examination for the primary purpose of the pro se defendant to "weigh the consequences of electing to proceed pro se" and to determine whether the defendant is "suffering from a mental disease or defect that has significantly impaired his judgment to make a defense" is outside the parameters of Section 4241 where there is lack of evidence for a reasonable judge to experience "a genuine doubt respecting the defendant's competence." *Neal*, 776 F.3d at 655.

A request for therapy, while not the same as a request for a psychological evaluation, has been determined insufficient to create a serious doubt as to a person's competency. *Id*. at 656, ("Certainly the mere fact that psychiatric help was felt to be desirable … cannot be said to create a bona fide doubt of [defendant's] capacity to participate intelligently in the proceedings facing him."). Here, defendant is seeking a psychiatric/psychological examination to validate his decision to proceed pro se. This is insufficient to create a "bona fide doubt' of his capacity to participate intelligently in the proceedings facing him.

There is insufficient evidence, much less substantial evidence, before this Court to harbor a reasonable doubt as to the defendant's competency to warrant an order for the defendant to submit to a psychiatric examination or a psychological evaluation. However, if this Court determines otherwise, the government requests out of an abundance of caution, this Court reappoint defense counsel for purposes of argument as to whether it is in the best interests of this defendant to submit to the psychiatric/psychological examination with such appointment to continue to include any competency hearings or determinations that follow.

////

**CONCLUSION**

Defendant's motion for a psychiatric/psychological examination under Title 18, U.S.C, § 4241 should be denied as this Court lacks reasonable cause to believe that the defendant may be suffering form a mental disease or defect rendering him mentally incompetent to the extent that the defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Respectfully submitted this 21st day of August, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona



Digitally signed by SERRA TSETHLIKAI
Date: 2026.08.21 15:32:13 -07'00'

SERRA M. TSETHLIKAI
Assistant U.S. Attorney

Copy of the foregoing served electronically
through ECF this 21st day of August, 2026, and mailed
to defendant via the United States Postal Service.