**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

John Turscak,

Defendant.

No. CR-23-02251-001-TUC-JAS (MSA)

**ORDER**

Pending before the Court is Pro Se Defendant Turscak's "Motion Pursuant to 18 U.S.C. Section 4244."[1] (Doc. 140.) Therein, Defendant requests the Court "order that he undergo Psychiatric Evaluation and a Psychological Examination to determine his ability to rationally weigh the consequences of electing to proceed pro se, and, to also determine whether or not competent Defendant is suffering from a mental disease or defect that has significantly impaired his judgement to make a defense." (*Id.* at 1.) The government responded opposing the Motion and arguing that "[t]here is insufficient evidence, much less substantial evidence . . . to harbor a reasonable doubt as to the defendant's competency to warrant an order for the defendant to submit to a psychiatric examination or a

[1]In his Motion, Defendant relies on *Meador v. United States*, 332 F.2d 935, 936 (1964), a case in which the defendant moved for pre-trial competency determination under § 4244. But in 1984 the United States Code was reorganized providing that 18 U.S.C. § 4241 applies to "Determination of mental competency to stand trial" and § 4244 applies to "Hospitalization of a convicted person suffering from mental disease or defect." Pub. L. No. 98-473, 98 Stat 1837 (1984). Because the current version of § 4244 applies post-conviction, the Court construes Defendant's Motion as a request for hearing and examination under § 4241.

psychological evaluation." (Doc. 146 at 5.) Defendant did not file a reply. For the following reasons, the Court denies Defendant's Motion.

**Relevant Background**

On May 15, 2024, based on Defendant's Motion for Self-Representation, Magistrate Judge Lynette Kimmins conducted a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). (Doc. 35.) Judge Kimmins found Defendant "knowingly and voluntarily waived the right to counsel representation," granted Defendant's Motion, and appointed "advisory/standby" counsel for Defendant. (*Id.*)

At a hearing on July 16, 2025, Defendant indicated to Judge Kimmins that he wanted to "rescind his *pro se* status and 'waive' his '*Faretta* rights.'" (Doc. 108.) Defendant's previous advisory counsel remained on the case as appointed counsel, and Judge Kimmins also appointed co-counsel. (*Id.*) Two months later, counsel filed a joint motion to withdraw. (Doc. 110.) Judge Kimmins granted the motion and appointed new counsel for Defendant. (Doc. 113.) Defendant's new counsel subsequently moved to withdraw (Doc. 126), and Defendant again requested to proceed pro se. (Doc. 128.) After an additional *Faretta* hearing conducted by this Court, the Court found Defendant "knowingly and voluntarily waived his right to counsel" and granted Defendant's request to proceed pro se. (*Id.*; Doc. 134 (Transcript 7/17/26 at 28, 30).) The Court also appointed new advisory counsel for Defendant. (Doc. 128; *see also* Doc. 134 at 33.)

The Court subsequently held a status conference at which the Court set the case for a firm trial. (Doc. 139.) At the hearing, Defendant expressed hesitation about being prepared in time for the firm trial date and about representing himself. Defendant subsequently filed the present Motion seeking a competency examination related to his ability to represent himself. (Doc. 140.)

**Discussion**

"At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant . . . may file a motion for a hearing to determine [his] mental competency . . . ." 18 U.S.C. § 4241(a). The Court "shall grant the

motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* In other words, the Court must grant the motion or *sua sponte* order a hearing if any evidence "raises a reasonable doubt about the defendant's competenc[e]" or if there is "'substantial evidence' that the defendant may be mentally incompetent to stand trial." *United States v. Duncan*, 643 F.3d 1242, n.2 (9th Cir. 2011) (alteration in original) (first quoting *de Kaplany v. Enomoto*, 540 F.2d 975, 981 (9th Cir. 1976) (en banc); and then quoting *Moore v. United States*, 464 F.2d 663, 666 (9th Cir. 1972) (per curiam)).

Evidence of incompetence can include "medical history, the defendant's behavior in and out of court, and the connection between the defendant's serious mental disease or defect and some failure by the defendant to understand the proceedings, assist in his own defense, or carry out the basic tasks needed to present his own defense without the help of counsel." *United States v. Neal*, 776 F.3d 645, 655 (9th Cir. 2015); *see also Drope v. Missouri*, 420 U.S. 162, 180 (1975) (court considers defendant's irrational behavior, demeanor in court, and prior medical opinions). Before a competency hearing, the Court may "order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." § 4241(b).

"A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel . . . unless he does so 'competently and intelligently.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citation omitted) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 403 (1960) (per curiam)). Stated differently, a defendant "whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel,

and to assist in preparing his defense may not be subjected to a trial." *Drope*, 420 U.S. at 171.

The United States Supreme Court has recognized that a defendant who may satisfy the trial competence standard "may nevertheless be 'unable to carry out the basic tasks needed to present his own defense without the help of counsel.'" *United States v. Thompson*, 587 F.3d 1165, 1172 (9th Cir. 2009) (quoting *Indiana v. Edwards*, 554 U.S. 164, 175-76 (2008)); *see also United States v. Audette*, 923 F.3d 1227, 1237 (9th Cir. 2019) (representing oneself is a "more arduous task" than standing trial (quoting *United States v. Johnson*, 610 F.3d 1138, 1145 (9th Cir. 2010)). In so holding, the Supreme Court found that the right to represent oneself at trial "is not absolute" and recognized a "mental-illness-related limitation on the scope of the self-representation right." *Edwards*, 554 U.S. at 171. But defendants who fall under this limitation are a "narrow class" of people who "'suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.'" *Audette*, 923 F.3d at 1237 (quoting *Edwards*, 554 U.S. at 178)).

In his Motion, Defendant asserts that his "mental health is deteriorating and that this deterioration is interfering with his *Faretta* right to make his own defense." (Doc. 140 at 1.) He argues that his "solitary confinement for the past 30-months under extremely harsh conditions" has "affect[ed] his mental state and his ability to prepare his own defense for trial." (*Id.*) The government responds that these assertions are "vague" as Defendant has "not provided this Court with any examples of how his mental health has deteriorated to the point that [he] is now suffering from a mental disease or defect" and that the record "appears to be void of any specific conduct . . . demonstrat[ing] that [Defendant] is suffering from a mental disease or defect." (Doc. 146 at 2-3.) The government acknowledges that according to Bureau of Prison ("BOP") records, Defendant was "diagnosed with antisocial personality disorder, had a history of depressive symptoms, and . . . had self-reported suicidal ideation and paranoia," but that Defendant has "sustained psychological stability" and was not apparently "ever prescribed any psychotropic

medication." (*Id.* at 3.) The government argues that because "there is nothing on the record demonstrating a 'discernible impact on the proceedings,'" Defendant has not raised a "genuine doubt" as to his competence. (*Id.* at 3-4 (first quoting *Neal*, 776 F.3d at 655; and then quoting *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014)).

Defendant's general assertion that his "mental health is deteriorating" and has affected his "ability to prepare his own defense for trial" (Doc. 140 at 1), is not sufficient evidence to support a finding of "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a); *see also United States v. Hall*, 523 F.2d 665, 667 (2d Cir. 1975) (an order for a competency examination "is not a perfunctory or ministerial act" and a court need not order one "whenever one is requested"). Defendant has made no allegation of a specific "mental disease or defect." (Doc. 140.) Although the government acknowledges Defendant's mental health challenges, it alleges that nonetheless, BOP records show that Defendant has "sustained psychological stability" (Doc. 146 at 3), suggesting that Defendant is not "*presently* . . . *suffering* from a mental disease or defect," *see* § 4241 (emphasis added).

Even assuming Defendant is "presently . . . suffering from a mental disease or defect," *id.*, this still does not render him incompetent to represent himself unless it is interfering with his ability "to carry out the basic tasks needed to present his own defense without the help of counsel." *Thompson*, 587 F.3d at 1172 (quoting *Edwards*, 554 U.S. at 175-76). "'[S]trong evidence of a serious mental disease or defect' is not enough to raise a genuine doubt as to a defendant's competency. There must also be 'a clear connection between that disease or defect and some failure by the defendant to understand the proceedings or assist in his own defense.'" *United States v. Telles*, 18 F.4th 290, 300 (9th Cir. 2021) (alteration in original) (quoting *Garza*, 751 F.3d at 1135). For example, the United States Court of Appeals for the Ninth Circuit has found that a district court did not err in denying defense counsel's repeated motions for a competency hearing for his client

despite a psychiatrist's opinion that defendant's severe autism spectrum disorder impacted his ability to understand the proceedings or assist in his defense, defendant's "bouts of catatonia," and defendant's "bizarre and disruptive conduct" during trial. *Id.* at 296-301. Even though there was evidence defendant was suffering from a serious mental disease or defect, the district court found that defendant was malingering and had "actively participated in his defense" by engaging in plea negotiations, doing his own legal research, demonstrating knowledge of applicable case law, and informing the court that he understood the charges against him and available sentences. *Id.* at 297-301. Because there was no "clear connection between that disease or defect and some failure by the defendant to understand the proceedings or assist in his own defense," the district court's denials of the motions were not erroneous. *Id.* at 300-01 (quoting *Garza*, 751 F.3d at 1135).

At the *Faretta* hearing before this Court, Defendant stated, under oath, that he "understand[s] . . . case law" and is "capable of filing motions." (Doc. 134 at 15, 19.) He avowed that he is familiar with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and "very familiar" with the Sentencing Guidelines. (*Id.* at 20-21, 23.) Consistent with Defendant's representations, the Court has observed Defendant conducting himself appropriately in hearings and filing coherent motions in which he cites applicable authority. (*See, e.g.*, *id.*; Docs. 138, 140-42.) Defendant represented to the Court that no one had assisted him in researching or writing those motions. (*See* Doc. 134 at 26.)

Moreover, the Court recently granted, wholly or in part, three of Defendant's motions in which Defendant requested his case files from his prior attorneys and requested copies of Court orders. (Doc. 145; *see also* Docs. 138, 141, 142.) Defendant has not been passive. *Cf. United States v. Dreyer*, 705 F.3d 951, 964 (9th Cir. 2013) (passivity can mask incompetence). Rather these motions, along with Defendant's representations in and out of Court, suggest that he is actively "carry[ing] out the basic tasks needed to present his own defense without the help of counsel." *Thompson*, 587 F.3d at 1172 (quoting *Edwards*, 554 U.S. at 175-76).

The Court acknowledges that at a recent status conference Defendant equivocated about representing himself, asserting that he may not be prepared for trial in February 2027. He appears to do so again in his Motion by asking for an examination to "determine his ability to rationally weigh the consequences of electing to proceed pro se." (Doc. 140 at 1.) But this equivocation does not suggest a lack of competence, if anything, it suggests that Defendant understands the serious nature of the proceedings against him and the timeframe in which he must prepare.

The evidence before the Court does not create a "reasonable doubt" as to Defendant's competence, *Duncan*, 643 F.3d at n.2 (quoting *de Kaplany*, 540 F.2d at 981), and the Court does not find there is "reasonable cause to believe" that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a). Nor does the Court conclude that an examination is necessary to determine whether Defendant may "be unable to carry out the basic tasks needed to present his own defense without the help of counsel." *Edwards*, 554 U.S. at 175-76. To the contrary, Defendant's behavior in and out of court readily suggests that he can.

The Court recognizes that "[m]ental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways." *Id.* at 175. But a vague allegation that Defendant's "mental health is deteriorating and that this deterioration is interfering with his *Faretta* right to make his own defense" is insufficient to order a competency hearing or examination.

Accordingly, **IT IS ORDERED** that Defendant's Motion (Doc. 140) is denied without prejudice. Based on Defendant's equivocation regarding self-representation at the status conference and in this Motion, and to prevent additional delay of this matter, **IT IS FURTHER ORDERED** that current advisory counsel, Nicholas Brereton, is appointed as standby counsel to assist Defendant or replace Defendant in the event the Court determines that Defendant can no longer be permitted to proceed pro se. *See United States v. Kelley*,

539 F.2d 1199, n.3 (9th Cir. 1976) ("A judge may appoint a 'standby counsel' . . . to aid the accused if he requests help, and to be available to represent him if termination of self-representation becomes necessary."). Therefore, Mr. Brereton should be prepared for the possibility of taking over representation in advance of, or during, trial in February 2027.

Dated this 9th day of September, 2026.

Honorable James A. Soto
United States District Judge